## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

J. BLAIR HAYES,                                    )
   12710 Hammonton Road                      )
   Silver Spring, Maryland 20904,            )
                                )
         Plaintiff,                      )
                                )
          v.                                )    Civil Action No. _____
                                )
MICHAEL O. LEAVITT,                                )
   Secretary of Health &Human Services,      )
   200 Independence Ave, S.W.                 )
   Washington, D.C.  20201,                  )
                                )
         Defendant.                      )
_____)

### COMPLAINT
### (Employment Discrimination)

### Introduction

1.      Plaintiff J. Blair Hayes, brings this action pursuant to Title VII of the Civil Rights Act

of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.,* and 42 U.S.C. § 1981a, to remedy acts of

employment discrimination and retaliation perpetrated against him by the United States Department

of Health and Human Services.  Plaintiff contends that management at that Department –

specifically Curtis Coy, the Deputy Assistant Secretary for Administration and, as such, the Director

of the Office of Administration for the Administration for Children and Families, discriminated

against him because of his race (African-American) and in retaliation for his having previously

engaged in protected civil rights activity by denying him an opportunity to compete for the position

of Acting Deputy Director, Office of Administration in the Summer/Fall of 2006. As a consequence

of this discriminatory/retaliatory action, Mr. Hayes has been caused to suffer damage to his career, personal and professional humiliation, and emotional harm.

## Jurisdiction

2.      This Court has jurisdiction over the subject matter of this civil action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-16(c).   Plaintiff filed his formal administrative complaint of employment discrimination and retaliation with regard to the allegation that he was denied an opportunity to compete for the Acting Deputy Director of the Office of Administration with the office that is designated to handle EEO complaints at the United States Department of Health and Human Services' EEO office and that office sent plaintiff's representative of record a final agency decision on that administrative EEO complaint on October 28, 2007, within 90 days of the filing of the instant civil action with the district court.

## Venue

3.      Venue is proper in this judicial district under 42 U.S.C. Section 2000e-5(f)(3), as plaintiff was employed by the United States Department of Health and Human Services in the District of Columbia at the time of the action complained of, records pertaining to plaintiff's employment are maintained by the United States Department of Health and Human Services in this judicial district, and the actions adverse to plaintiff's employment that are the subject of this civil action were taken in this judicial district.

**Parties**

4.      Plaintiff is a African-American male citizen of the United States and of the State of Maryland. Plaintiff is employed by the United States Department of Health and Human Services as the Procurement Advisor in the Office of Administration in the Administration for Children and Families. That position was specifically created for Mr. Hayes as part of a settlement of a civil action filed in this court pursuant to Title VII of the Civil Rights Act of 1964, as amended, under which he was placed in this unique GS-15 position, received $250,000 in damages and had his attorneys' fees fully paid by the Secretary of Health and Human Services. He has held his current job since 2003.

5.      Defendant Michael O. Leavitt is currently the Secretary of Health and Human Services of the United States and, as such, heads the United States Department of Health and Human Services ("DHHS"), a department within the Executive Branch of the government of the United States that has employed more than 500 persons in each of the last 20 weeks. Mr. Leavitt is being sued here in his official capacity only.

**Statement of Facts**

6.      Plaintiff J. Blair Hayes is a career federal employee with over thirty five years of service, most of which is with DHHS. His career field is government contracting, that is, acquisition management, within Federal Job Series No. 1102. He is qualified to highest warrants at DHHS. Until it was disbanded in favor of an external contracting group within the Program Support Center ("PSC") located in Rockville, Maryland, Mr. Hayes was the Director of the Division of Acquisition Management for the Administration for Children and Families ("ACF"), which constitutes a significant portion of DHHS.

7.      Until its demise, The Division of Acquisition Management was located in ACF's Office of Administration.    As headed by Mr. Hayes, it had as many as ten Contract Specialists who served as Contract Officers, as well as other professional employees who served in support of such Contract Specialists.  As the Division Director, plaintiff was in charge of this operation, which supported with professional acquisition management all the contracting efforts in ACF.  As a GS-15, Mr. Hayes supervised two GS-14 Supervisory Contract Specialists, each of whom, in turn, supervised as many as four or five Contract Specialist as well as support staff.

8.      Mr. Hayes headed AFC's Division of Acquisition Management for more than five years, having been placed in that position as part of the equitable relief awarded by the U.S. District Court after judgment was entered following a jury verdict in his favor in a Title VII action brought to remedy race discrimination and retaliation by DHHS management.

9.      Mr. Hayes became the GS-15 Procurement Advisor in the ACF's Office of Administration in 2003 as part of the settlement of an EEO case he brought in the U.S. District Court alleging race discrimination and retaliation on the disbanding of the Division of Acquisition Management in ACF.  The settlement of that civil action followed the taking of depositions in which it was revealed that top management had targeted Mr. Hayes and his division because of his earlier EEO cases and his success in litigating them.  In addition to creating the special position of Procurement Advisor and placing him in it, the settlement agreement by which that civil action was brought to conclusion also provided Mr. Hayes with a payment of $250,000 in compensatory damages from DHHS and the payment of more than $100,000 in attorneys' fees.  Accordingly, it was a very significant victory for Mr. Hayes.

10.      In the position of Procurement Advisor in the ACF's Office of Administration Mr. Hayes officially reported to Robert Velasco (a white), the Chief of Staff to Curtis Coy (a white), the

ACF Deputy Assistant Secretary for Administration. In actuality, Mr. Hayes worked directly for Curtis Coy, advising him and other top ACF officials on government contracting matters. He received high ratings for his work in this position.

11.    Mr. Coy was fully aware of Mr. Hayes's prior EEO activities – and his success in prosecuting those discrimination claims in the past. Indeed, in 2003, Coy was closely involved in the creation of the new and unique GS-15 Procurement Advisor position during the negotiations that led to the settlement of Mr. Hayes's last EEO complaint (see ¶ 9 above), and while Coy was not involved in the dispute in that earlier case, he was certainly aware of it, and it was Coy who insisted that, at least on paper, there be an official between him and Mr. Hayes in the chain of command once he encumbered the then-being-created Procurement Advisor position.

12.    When Coy's Deputy Director, an African American female who had acted as director prior to Coy's arrival in 2003 and merely returned to the deputy director role upon Coy being named as Deputy Assistant Secretary for Administration (and, therefore, Director of the Office of Administration, ACF), retired in January 2006, Coy in effect made Mr. Velasco, his Chief of Staff, the deputy director of the Office of Administration as well. In fact, Coy had created the Chief of Staff position and placed Mr. Velasco in it soon after he came to the ACF Office of Administration as Deputy Assistant Secretary for Administration so as to have a buffer between himself and the African American female whom he had inherited as his Deputy Director.

13.    In August 2006, Mr. Velasco announced he would be leaving the Office of Administration for a Senior Executive Service ("SES") job elsewhere in the federal government. No announcement was made regarding the filling (either by permanent appointment or in an acting capacity) of either the Chief of Staff position or the Deputy Director position in the immediate wake of Velasco's announcement.

14.    Mr. Coy waited until Mr. Hayes had left on a long planned summer vacation out of the country to announce that he would fill the Deputy Director position on an acting basis. Coy then immediately engaged in a solicitation of interest in becoming the acting deputy director from those GS-15s who were in the Office of Administration. Mr. Coy did this because he had reason to know from his contact with Mr. Hayes over the three years they had worked together that Mr. Hayes would be very interested in becoming the Deputy Director of Administration in ACF and that he had the background and experience to be highly competitive for such a position. Moreover, despite his knowledge that Mr. Hayes's knowledge, skills and abilities would make him an excellent Deputy Director for Administrtaion in ACF, Coy did not want him as his deputy because he is an accomplished and well regarded African American male and/or because of his prior success as an EEO complainant.

15.    Thus, it was critical to Coy's scheme to avoid Mr. Hayes being selected as the deputy Director when the position was filled on a permanent basis because of plaintiff's race and prior civil rights activities (and, indeed, to avoid having again a black deputy), to get a white into the position as acting deputy director. In fact, Coy knew the white person he wanted in the permanent deputy job was Joel Anthony, the GS-15 who headed the small office of Financial Services within the Office of Administration. Accordingly, as part of his overall scheme to place Mr. Anthony in the permanent Deputy Director position eventually, it was vital for Coy to get Mr. Anthony into the position of "acting" deputy in order to assure his competitiveness for the permanent job (as compared to Mr. Hayes) when it was ultimately announced for competitive filling.

16.    Accordingly, Mr. Coy conducted the entire process of naming the acting deputy director from start to finish while Mr. Hayes was on his summer vacation, and this process ended with the naming of the white Joel Anthony as the acting deputy director.

- 6 -

17.    When he returned from vacation, Mr. Hayes was confronted with a "done deal" of the white Joel Anthony as the new "acting" deputy director, and Mr. Hayes's immediate boss. Mr. Hayes had been stripped of any opportunity to "compete" for this acting position and, more importantly, thereby would be placed at a competitive disadvantage in the upcoming competition for the filling of the Deputy Director job on a permanent basis. This was all done by Curtis Coy in an effort to sabotage Mr. Hayes's chances of becoming the Deputy Director of the Office of Administration because of his race and/or his prior successful EEO claims.

## Statement of Claims

### Claim I – Race Discrimination

18.    As previously stated herein above, defendant, through subordinate DHHS management, has discriminated against plaintiff on the basis of his race.

19.    As a consequence of such race-based discrimination, plaintiff has suffered and continues to suffer career damage, as well as personal and professional humiliation, and emotional pain.

### Claim II – Retaliation

20.    As previously stated herein above, defendant, through subordinate DHHS management, has retaliated against plaintiff for his having successfully brought claims of race discrimination and retaliation in the past.

21.    As a consequence of such race-based discrimination, plaintiff has suffered and continues to suffer career damage, as well as personal and professional humiliation, and emotional pain.

**Prayer for Relief**

22.     Plaintiff requests that the court enter an order declaring that:

(a)     defendant discriminated and retaliated against plaintiff by denying him an opportunity to compete for the position of acting deputy director of the Office of Administration, ACF;

(b)     defendant is to place plaintiff into the permanent position of Deputy Director, Office of Administration, ACF, with all emoluments and opportunities of that office, retroactive to September 2006;

(c)     defendant is to provide plaintiff with performance appraisals for the period since September 2006 in which he is rated "Outstanding" in the performance of his duties as Deputy Director, Office of Administration, and shall provide him with such back pay as reflects the pay increases, bonuses, and awards, that such ratings would obtain;

(d)     defendant is to correct its records, including plaintiff's Official Personnel File ("OPF"), so as to reflect the relief ordered by the court;

(e)     defendant is to pay to plaintiff the sum of $300,000.00 in compensatory damages suffered as a result of the discrimination, plus interest thereon, *and* $300,000.00 in compensatory damages suffered as a result of the retaliation perpetrated on him by DHHS management, plus interest thereon;

(f)     defendant is to refrain from any future acts of discrimination and/or retaliation against plaintiff;

(g)     defendant is to pay plaintiff the costs of bringing and maintaining this civil action and the administrative charges that preceded it, including reasonable attorneys' fees, pursuant to 42 U.S.C. 2000e-5(k), with interest thereon; and,

- 8 -

(h)    in addition, defendant is to be ordered to provide plaintiff with such other and further relief as the interests of justice may require.

## Jury Demand

21. Plaintiff hereby requests a jury trial on all issues of fact, including the measure of damages.

Respectfully submitted,

David H. Shapiro
D.C. Bar No. 961326
SWICK & SHAPIRO, P.C.
1225 Eye Street, N.W.
Suite 1290
Washington, DC 20005
Tel. 202-842-0300
Fax 202-842-1418
Email - dhshapiro@swickandshapiro.com

Attorney for Plaintiff

**Verification**

I hereby verify that the factual allegations contained in the foregoing Complaint are true and correct to the best of my knowledge, information, belief and recollection.

1/23/2008
Date

J. Blair Hayes

JS-44
(Rev.1/05 DC)

## CIVIL COVER SHEET

### I (a) PLAINTIFFS

J. BLAIR HAYES
12710 Hammonton Road
Silver Spring, Maryland 20904

88888

### DEFENDANTS

1MICHAEL O. LEAVITT,
1Secretary of Health & Human Services,
1200 Independence Avenue, SW
1Washington, DC 20201

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF    88888
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT    11001
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF
LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

David H. Shapiro, Esq.
Swick & Shapiro
1225 Eye Street NW, Suite 1290
Washington, DC 20005

Case: 1:08-cv-00150
Assigned To : Lamberth, Royce C.
Assign. Date : 1/25/2008
Description: Employ. Discrim.

### II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

O 1 U.S. Government
Plaintiff

O 3 Federal Question
(U.S. Government Not a Party)

⊙ 2 U.S. Government
Defendant

O 4 Diversity
(Indicate Citizenship of
Parties in item III)

### III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | O 1 | O 1 | Incorporated or Principal Place of Business in This State | O 4 | O 4 |
| Citizen of Another State | O 2 | O 2 | Incorporated and Principal Place of Business in Another State | O 5 | O 5 |
| Citizen or Subject of a Foreign Country | O 3 | O 3 | Foreign Nation | O 6 | O 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
### (Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

**O A. Antitrust**

☐ 410 Antitrust

**O B. Personal Injury/ Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

**O C. Administrative Agency Review**

☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If
Administrative Agency is Involved)

**O D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may
be selected for this category of case
assignment.

*(If Antitrust, then A governs)*

**O E. General Civil (Other)**    OR    **O F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or
defendant
☐ 871 IRS-Third Party 26
USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure
of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational
Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC
Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced &
Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/
Exchange
☐ 875 Customer Challenge 12 USC
3410
☐ 900 Appeal of fee determination
under equal access to Justice
☐ 950 Constitutionality of State
Statutes
☐ 890 Other Statutory Actions (if
not administrative agency
review or Privacy Act

3

| ○ **G. Habeas Corpus/ 2255** | ⊠ **H. Employment Discrimination** | ○ **I. FOIA/PRIVACY ACT** | ○ **J. Student Loan** |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☒ 442 Civil Rights-Employment<br>(criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions<br>(if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ **K. Labor/ERISA (non-employment)** | ○ **L. Other Civil Rights (non-employment)** | ○ **M. Contract** | ○ **N. Three-Judge Court** |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

◉ 1 Original Proceeding  ○ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)   *42 USC 2000*

Title VII Civil Rights Act 1964 & 42 U.S.C. Defendant discriminated because of race and in retaliation for plaintiff's previous successful civil rights activity.

**VII. REQUESTED IN COMPLAINT**   ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ `$600,000 plus backpay, atty's fees`   Check YES only if demanded in complaint   JURY DEMAND:   YES ☒   NO ☐

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE  January 25, 2008   SIGNATURE OF ATTORNEY OF RECORD  *[signature]*

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.